UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>         Plaintiff,<br><br>     v.<br><br>ROB BONTA, et al.,<br><br>         Defendants. | No. 2:24-cv-02884-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a pre-trial detainee proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has also filed an application to proceed in forma pauperis and a motion to amend (along with the proposed amended complaint). ECF Nos. 2, 4.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

////

1

II. **Motion to Amend**

Under Federal Rule of Civil Procedure 15(a)(1),

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

As defendant has not yet been served in this action, plaintiff is currently entitled to amend the complaint under this rule. Accordingly, the court accepts the amended complaint (ECF No. 4 at 2-38) as the operative complaint and will proceed to screen it.

III. **Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

2

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**IV.    Screening Order**

Plaintiff alleges that, when he was booked into the Sacramento County Jail on April 27, 2024, he was issued a Sacramento County Sheriff's Office Active Bail Summary fixing bail at $1 million based solely on the county's bail schedule "in reference to his criminal charges." ECF No. 4 at 8.  The Sheriff did not conduct an individualized assessment of plaintiff's ability to pay, risk of non-appearance, or risk to public safety nor did it consider less restrictive alternatives. *Id.* at 9.  Plaintiff could not make bail, so he was detained for the next five days until his arraignment. *Id.*  According to the complaint, at the arraignment, the court revoked bail without considering or making findings on the record based on clear and convincing evidence of plaintiff's risk of nonappearance or risk to public safety, nor did it consider less restrictive alternatives. *Id.* at 10.

"Plaintiff has been unlawfully detained in custody without bail for over 90 days."[1] *Id.*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, the Supreme Court held that, where a judgment in a prisoner's favor on § 1983 action would necessarily imply the invalidity of the prisoner's confinement, the prisoner's claim is not cognizable until she demonstrates that the sentence or conviction has been invalidated. *Heck*, 512 U.S. at 483, 486-87. Thus, a pretrial detainee's claim of excessive bail must be brought via petition for habeas corpus because it challenges the fact of the detainee's current confinement. *Coil v. Wolfson*, No. 2:24-cv-00304-RFB-DJA, 2024 U.S. Dist. LEXIS 116094, at *9 (D. Nev. July 2, 2024); *Hood v. Friel*, No 3:23-CV-00486-MMD-CLB, 2023 U.S. Dist. LEXIS 205601, at *5-6 (D. Nev. Oct. 18, 2023); *Jennings v. Leach*, No. EDCV 21-0209 JVS (PVC), 2021 U.S. Dist. LEXIS 248193, at *27-29 (C.D. Cal. Nov. 30, 2021). After conviction, such a habeas claim becomes moot (because bail can no longer be granted), but gives rise to a now-viable § 1983 action for damages. *Coil*, 2024 U.S. Dist. LEXIS 116094, at *9. Because it is clear from the complaint that plaintiff is a pre-trial detainee who has not yet been convicted, this case must be dismissed without prejudice to plaintiff bringing his claim in a petition for writ of habeas corpus.

**V.    Order and Recommendation**

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sacramento County Sheriff's Department filed concurrently herewith.
3. The Clerk of Court randomly assign a district judge to this action.

It is further RECOMMENDED that the complaint be dismissed without prejudice and the Clerk of Court directed to close the case.

These findings and recommendations are submitted to the United States District Judge

---

[1] The Eighth Amendment prohibits "excessive bail." Bail is excessive in violation of the Eighth Amendment when it is set higher than an amount reasonably calculated to ensure the government's asserted interest in setting bail at that level. *United States v Salerno*, 481 U.S. 739, 754 (1987); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 661 (9th Cir. 2007).

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 5, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE